WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Perin Mawhinney and Dee Mawhinney, husband and wife,<br><br>    Plaintiffs,<br>v.<br><br>Pima County, a political subdivision of the State of Arizona; Clarence Dupnik, Pima County Sheriff; W.D. Murphy, and John Pollitt,<br><br>    Defendants. | CV 11-20- TUC DCB<br><br>**ORDER** |

Following a Judgment entered, pursuant to a settlement agreement, on October 31, 2011, for the Plaintiffs, the parties were unable to agree on the attorney fees to be awarded Plaintiffs. On November 3, 2011, the Plaintiffs filed a Motion for an Award of Attorney Fees (Doc. 36),[1] and supporting affidavit and billing statements were filed on December 2, 2011. The Defendants do not dispute Plaintiffs' entitlement to an attorney fee award, but challenge the amount of the fees sought by Plaintiffs' attorneys as unreasonable.

Plaintiffs sued Defendants for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress related to an accident on April 9, 2010, when Mr. Mawhinney struck a wall in the parking lot of a hotel. Plaintiffs alleged a violation of Mr. Mawhinney's clearly established constitutional right under the Fourth Amendment to be free from an arrest without probable cause. The Court denied summary

---

[1] The Motion included a request for costs, which has been resolved by the Clerk of the Court.

judgment for the Defendants that there was probable cause to arrest Mr. Mawhinney for criminal damage and under the doctrine of qualified immunity. Thereafter, the parties settled the case with Defendants agreeing to pay the Plaintiffs $15,001.00, "plus attorneys' fees allowed by law through the date of the offer, in an amount to be determined by the Court." (Opposition, Ex. 1: Offer of Judgment.)

The "American Rule" is that each party in a lawsuit bears its own attorney's fees unless there is express statutory authorization to the contrary. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). Congress expressly authorized reasonable attorney's fees to prevailing parties in civil rights litigation for the purpose of ensuring effective access to the judicial process for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "Accordingly, a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Id.* (*citations omitted*).

Here, Plaintiffs prevailed on their civil rights claim against Defendants. The Court awards Plaintiffs attorney fees from the date of the offer, but reduces the amount requested by the Plaintiffs, $27,494.50, to $18,632.50.

Reasonable Attorney Fees

The amount of attorney fees is determined on the facts of each case. *Hensley*, 461 U.S. at 429-430. In *Hensley*, the Supreme Court explained that generally courts consider twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional

relationship with the client; and (12) awards in similar cases. *Id.* at 430 n. 3 (citation omitted).

In *Hensley*, the Supreme Court explained that the starting point for determining an attorney fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 432. The district court should exclude from this initial fee calculation hours that were not "reasonably expended" because cases can be overstaffed, and the skill and experience of lawyers vary widely. *Id.* at 434. Counsel for the prevailing party should make a good faith effort to exclude from his or her fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his or her fee submission to a client. *Id.* In other words, hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to a fee shifting statute. *Id.*

The Court finds that for the express reasons stated in Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees the amount of attorney fees sought by the Plaintiffs must be reduced as unreasonable. Essentially, this case was overstaffed. Defendants point out correctly that this was a simple case, and counsel for Plaintiffs Cassandra Meynard, Associate with Mesch, Clark & Rothschild, PC, was well qualified to handle it. The need for oversight from Senior Partner Douglas H. Cark was minimal.

The Court recognizes Mr. Clark's expertise, and that such expertise comes at a price. Hence, the reason for the difference between Mr. Clark's hourly rate of $495 as compared to Ms. Meynard's hourly rate of $275. The Court finds Mr. Clark's level of expertise was not needed in this case, and he either should have limited his time spent on it or reduced his fee to correspond to the appropriate level of expertise needed to prosecute this case. The Court finds that to the extent Mr. Clark's expertise was needed to oversee an experienced attorney such as Ms. Meynard, it was limited. So limited, the Court does not find that the $495 per hour fee was an excessive hourly rate.

Under the circumstances which needed Mr. Clark's attention in this case, the Court finds his reasonable attorney fees to be as follows: 1) Mr. Clark's initial contact with the client and discussion of the case with Ms. Meynard, which took .50 hours on 6/8/2010 and cost $247.50; 2) Mr. Clark's conference with Ms. Meynard subsequent to her drafting the Complaint, which took .30 hours on 12/15/2010 and cost $148.50; 3) Mr. Clark's review of the Defendants' Answer, which took .50 hours on 1/28/2011 and cost $247.50; 4) Mr. Clark's review of the Defendants' Motion for Partial Summary Judgment, which took 2 hours on 5/25/2011 and cost $990.00; 5) Mr. Clark's review of this Court's Order denying the motion for partial summary judgment and discussions regarding settlement with the client and Ms. Meynard, which took 1 hour on 9/21/2011 and cost $495.00, and 6) Mr. Clark's conference on 10/12/2011 with the clients and Ms. Meynard subsequent to the Offer of Judgment, which took 1.30 hours and cost $643.50.  ((Doc. 41: Affidavit, Exhibit 1.) Reasonable attorney fees for Mr. Clark were $2772.00.

Alternatively, the Court disallows the time spent by Mr. Clark in preparation of the fee petition documents because the offer of judgment expressly provided for fees to only be recoverable "through the date of the offer." (Opposition at 4, Ex. 1: Offer of Judgment.) The Court also disallows $135.00 billed for work performed by LeighAnn Volker for this reason.

The Court disallows the time spent to prepare and serve the Notice of Claim, which as Defendants point out is required for a state law claim, but not required for a federal civil rights claim.  For all the reasons stated in Defendants' Opposition, the Court finds the time spent on the Notice of the Claim was unnecessary and did not serve to advance the case. (Opposition at 5.)  Of the $1500 reduction sought by the Defendants related to the Notice of Claim, $148.50 was a bill by Mr. Clark, which the Court has alternatively disallowed above. The Court will reduce Plaintiffs' reasonable attorney fees by an additional $1351.50 for work performed by others in respect to the Notice of Claim.

The Court is also persuaded by Defendants' argument that the time spent by Mr. Clark in relationship to preparing the Joint Case Management Plan was duplicative of work performed by Cassandra Meynard and unnecessary, especially since the Defendants prepared the draft Joint Case Management Plan and submitted it to Plaintiffs' counsel for review. Plaintiffs' counsel added approximately 16 lines in the section of the Plan presenting Plaintiffs' statement of the case. (Opposition at 9.) The Court denies Plaintiffs $495 in costs related to the time spent by Mr. Clark to review and prepare the Joint Case Management Plan. (Doc. 41: Affidavit , Exhibit 1: Billing Entries 2/16/11 ($198) and 3/9/11 ($297)). Alternatively, this amount has been excluded above from the allowed charges by Mr. Clark to oversee this case.

Also as noted above, the Court agrees with the Defendants' objection to Mr. Clark's charges of $742.50 for legal research. This was not a case involving complicated questions of law, and the legal research reflected in Plaintiffs' Response to Defendants' Motion for Summary Judgment was well within the skill level of Ms. Cassandra Meynard. The Court's assessment of reasonable attorney fees in respect to Mr. Clark's oversight responsibilities for this case excluded this $742.50 charge. (Opposition at 9.)

The Court reduces the attorney fees for Mr. Clark from $10,147.50 to $2772.00 ($7375.50) and by $1351.50 for legal work done by others related to the Notice of Claim and by $135.00 charged for work done by Ms. Volker after the offer of judgment. Consequently, there is an overall reduction in attorney fees of $8,862.00. Instead of $27,494.50, the Court awards Plaintiffs reasonable attorney fees in the amount of $18,632.50.

Once the Court determines the product of reasonable hours times a reasonable rate, the loadstar amount, it must decide whether any other considerations warrant an adjustment of fees upward or downward. *Hensley*, 461 U.S. at 434. It is at this point, the Court must consider the important factor of the results obtained by Plaintiffs' counsel. *Id.* It is not enough that Plaintiffs are entitled to attorney fees as the prevailing party, two questions must

5

be asked: "First did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

Here, the Court finds no basis for any further reduction. Defendants do argue that Plaintiffs achieved only limited success, if the Court compares the $250,000 Plaintiffs initially sought to the $15,000 Plaintiffs accepted to settle the case. The Court rejected this argument in respect to Defendants' assertion that the Court should reduce the hourly rate charged by Mr. Clark. In respect to any further adjustments up or down, the Court finds the Plaintiffs achieved a level of success making the hours, as reduced by the Court, reasonably expended and a satisfactory basis for a fee award in favor of Plaintiffs.

**Accordingly**,

**IT IS ORDERED** that the Motion for Attorneys Fees (Doc. 36) is GRANTED in the amount of $18,632.50.

DATED this 26nd day of March, 2012.

David C. Bury
United States District Judge